MAPLES<br>*v.*<br>MITIY.

---

## EDWARD S. BODETT *v.* WILLIAM LEES & Co.

The mere delay to make payment of the amount of an award, when the debtor has taken no steps to set it aside and has not denied its obligatory force, and when no formal demand upon him to enforce it has been made, will not subject the debtor to the payment of the stipulated penalty in addition to the amount of the award.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *P. E. Bonford*, for plaintiff. *J. Q. A. Fellows*, for defendants and appellants.

MERRICK, C. J. This suit is brought upon the following award and agreement, viz:

We, *John McClain* and *Jonn G. Poindexter*, chosen as arbitrators by *William Lees & Co.*, of this city, and *Edward T. Bodett*, also of this city, after a full and impartial examination of all the points of difference between said parties, and taking into consideration the whole subject-matter thereof, agree that the following statement, made by us, shall be considered as final and just, and recommend that the parties accept the same, and let it be the end of said controversy.

NEW ORLEANS, <i>April 16th</i>, 1855,

*William Lees & Co.*

| To *Edward S. Bodett*, | Dr. |
|---|---|
| To this, admitted by your acceptances | $115 30 |
| To full pay, as per contract for one month | 125 00 |
| To this amount, for levee expenses | 30 00 |
| To this amount, for expenses and time while sick | 47 20 |
| Total | $317 50 |

Having agreed to the above, we hereunto sign our names in our aforesaid capacities, on the 16th day of April, 1855, at the city of New Orleans.

[Signed]     JOHN McCLAIN.<br>"     JOHN G. POINDEXTER.

" We hereby bind and obligate ourselves, our heirs, and assigns, each to the other, in the just and full sum of two hundred and fifty dollars, lawful money of the United States, to agree to, and be bound by, the decision above rendered by the arbitrators as chosen by us.

[Signed]     EDWARD S. BODETT.<br>"     WILLIAM LEES & Co.

NEW ORLEANS, *April 16th*, 1855.

The plaintiff in addition to his demand for the amount of the award, alleges, that the defendants have illegally and neglected to pay petitioner the amount awarded and have notwithstanding their obligation so to do, and a release de non, whereby they have become indebted to petitioner in the further sum of two hundred and fifty dollars, the penalty fixed by said bond as liquidated damages."

The defendants admit the correctness of plaintiffs' demand for the amount of the award, and plead the want of an amicable demand for the same, and deny all the other allegations of the petition. The court having sustained plaintiffs' pretensions the defendant has appealed.

The testimony does not show, that any demand had been made upon the defendants to pay the award previous to the institution of the suit. Even if such demand had been made we are by no means prepared to say, that the mere neglect of the defendants to make payment would have rendered them liable for both the award and the penalty.

Art. 1929, C. C., declares, that "The damages due for the delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more."

Art. 2121, "The penal clause is the compensation for the damages which the creditor sustains by the non-execution of the principal obligation. He cannot demand the principal and the penalty together, unless the latter be stipulated for mere delay."

And by Art. 3073, C. C., it is announced, that "It is usual to undergo (impose) a penalty of a certain sum of money in the submission which the person who shall contravene the award, or bring an appeal therefrom, shall be bound to pay to the other who is willing to abide by it: but this covenant is not obligatory, (*essentielle*,) and the submission may subsist without the penalty."

By Art. 3097, it is provided, that if a party appeals from the award he should first pay the penalty, but if he reverses the same on the appeal, the penalty shall be refunded him, but not if the award is affirmed.

In view of all these provisions of law we think it is clear, that the plaintiff has neither alleged nor proven a sufficient ground upon which the penalty of the bond can be declared forfeited. The defendants merely "bound and obligated themselves," under the penalty, "to agree to, and be bound by, the decision rendered by the arbitrators." They do not appear to have taken any steps to set aside the award, nor have they denied its obligatory force. Their delay to make payment, at least without a formal demand upon them, cannot be construed into such a forfeiture.

So much, therefore, of the judgment of the lower court as gives the plaintiff the penalty in addition to the award is erroneous.

The want of an amicable demand is not urged in this court as a ground of reversal of the judgment as to the costs.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and it is now ordered, adjudged and decreed by this court, that *George Edwards*, curator of the succession of *Edward S. Bodett*, deceased, do have and recover judgment against the defendants, *William Lees* and *Maxwell Felton*, in solido, for the sum of three hundred and seventeen dollars and fifty cents, with legal interest thereon from the 16th day of April, 1855, until paid; the plaintiff and appellee paying the

costs of the appeal, and the defendants the costs of the principal demand in the lower court, the costs of the sequestration having been disposed of by our former decree.